UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTTY VAN HAWK, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:24-CV-259-TLS-JEM |
| INDIANA ATTORNEY GENERAL, | |
| Respondent. | |

**OPINION AND ORDER**

Scotty Van Hawk, a prisoner without a lawyer, filed a habeas corpus petition challenging his pretrial detention in Kosciusko County under case number 43C01-2303-F5-000214. ECF No. 1. The Court must review the petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief[.]" Rules Governing § 2254 Cases, Rule 4. For the reasons stated below, the Court dismisses the petition.

Mr. Van Hawk is currently facing charges in Kosciusko County for stalking, invasion of privacy, and other offenses. *State v. Van Hawk*, 43C01-2303-F5-000214 (Kosciusko Cir. Ct. filed Mar. 22, 2023). A trial is scheduled for August 13, 2024. *Id.* (docket entry Apr. 16, 2024.)

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).[1] However, a federal court generally must "abstain from interfering with pending state proceedings to enforce a state's criminal laws." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing

---

[1] This is Mr. Van Hawk's second habeas petition challenging his pretrial detention in the stalking case. *See Van Hawk v. Indiana Attorney General*, 3:23-CV-975 (N.D. Ind. closed Nov. 17, 2023). His earlier petition was dismissed. *Id.* Even though he is on home confinement and not detained at a jail, this amounts to a restraint on his liberty sufficient to satisfy the "in custody" requirement for seeking federal habeas relief. *See Maleng v. Cook*, 490 U.S. 488 (1989).

*Younger v. Harris*, 401 U.S. 37 (1971)). Therefore, most constitutional claims cannot be raised in advance of trial and instead must await the conclusion of the state proceeding. *Id.* The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*.

Mr. Van Hawk's petition asserts one claim, which he articulates as follows: "I am being detained unlawfully for baseless charges that are allegations of the exercises of the first amendment by the press and others." ECF No. 1 at 3. To the extent he is trying to assert a First Amendment claim or challenge the sufficiency of the evidence, these are not the types of claims that can be raised in advance of trial. *Sweeney*, 612 F.3d at 573.

He may also be invoking his speedy trial rights, because within his claim he references the amount of time he has spent in pretrial custody and states that he told the trial judge "I would not authorize any delays or continuances." ECF No. 1 at 3. A speedy trial claim may be raised in advance of trial. *Sweeney*, 612 F.3d at 573. Under the Sixth Amendment, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (cleaned up). The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial." *Id.* (cleaned up). Instead, the court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the test, a court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-52 (7th Cir. 2014).

The public docket in Mr. Van Hawk's criminal case reflects that he was arrested on March 22, 2023, and appeared for an initial hearing the following day.[2] The public defender was appointed to represent him but subsequently reported a conflict, requiring new counsel to be appointed. Mr. Van Hawk posted bond in early April 2023 and was released to home confinement. A final pretrial hearing was held on April 24, 2023, but proceedings were then delayed when his new attorney was granted leave to withdraw. The court appointed a third attorney, and a jury trial was scheduled for October 17, 2023. Pretrial hearings were held in August and September 2023, but in late September the new attorney moved to withdraw. The jury trial was subsequently cancelled and a fourth attorney was appointed to represent him. This attorney filed a number of motions on Mr. Van Hawk's behalf, including a motion to dismiss on speedy trial grounds and a motion to disqualify the judge. When those motions were unsuccessful, he sought leave to pursue an interlocutory appeal, which was denied. *Van Hawk v. State*, 23A-CR-2970 (Ind. Ct. App. Jan. 29, 2024).

Back before the trial court, he filed several motions seeking leave to travel, for severance of certain charges, and for other relief. Following a hearing on February 15, 2024, the motions were denied. In late March 2024, a bond violation report was issued by Kosciusko County Community Corrections, causing the prosecution to file a petition to revoke his bond. Before the bond issue could be resolved, Mr. Van Hawk filed motions for immediate release, dismissal of the charges, and other relief. A hearing was held on April 9, 2024. The court subsequently concluded that he could remain on bond with modified conditions but denied his other motions. A few days later, he filed additional motions to modify his bond, for immediate release, and

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

other relief. These motions were denied. On April 16, 2024, the court set a trial date of August 13, 2024. Mr. Van Hawk recently filed another motion, which is set for hearing on May 8, 2024.

The public docket in Mr. Van Hawk's criminal case thus reflects that the charges have been pending against him for a little over a year. The court has ruled on a flurry of motions he has filed and held multiple hearings in an effort to move the case toward trial. The trial has been delayed by the withdrawal of Mr. Van Hawk's attorneys and by his decision to pursue an interlocutory appeal, neither of which can be attributed to the state. The delays in the case have not been uncommonly long, nor has he shown that his defense has been prejudiced or compromised by any delay. *See United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) ("[A]s long as the government shows reasonable diligence in prosecuting its case, a defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay.").

Therefore, he has not established a violation of his Sixth Amendment right to a speedy trial. To the extent he is relying on Indiana law, which quantifies the number of days within which a defendant must be brought to trial, such a claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Ind. R. Crim. P. 4.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (cleaned up).

For the reasons explained above, the only claim in the petition that can be raised in advance of trial lacks merit under governing standards. The Court finds no reason to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Van Hawk to proceed further in advance of his state criminal trial.

For these reasons, the Court hereby DISMISSES the petition [ECF No. 1] and DENIES the petitioner a certificate of appealability. The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on April 29, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT